IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON W. WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-1354-D |
| | ) | |
| CITY OF LAWTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is the Motion to Dismiss of Defendant City of Lawton and Defendant Hollebeke in His Official Capacity [Doc. No. 13], filed pursuant to Fed. R. Civ. P. 12(b)(6).[1] The City moves to dismiss Plaintiff's claim under 42 U.S.C. § 1983 and any § 1983 claim brought against its police officer, Defendant Richard Hollebeke, in his official capacity. The City also moves to dismiss pendent state law claims governed by Oklahoma's Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 151-172. In response, Plaintiff agrees that the § 1983 claim against Officer Hollebeke is asserted against him in his individual capacity only. Plaintiff also concedes that two of his pendent tort claims – malicious prosecution and intentional infliction of emotional distress – cannot be brought against the City; he asks to be allowed to amend his pleading to assert these claims against Officer Hollebeke instead of the City. As to all other issues, Plaintiff opposes the Motion. The time period for filing a reply brief has expired, and the Motion is thus at issue.

---

[1] Both parts of the Motion are made on behalf of the City because "an official-capacity suit brought under § 1983 'generally represents only another way of pleading an action against an entity of which an officer is an agent,' and as long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 161, 165-66 (1985)) (internal quotation omitted).

## Standard of Decision

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Claimants must "do more than generally allege a wide swath of conduct" but, instead, must allege sufficient facts to "'nudg[e] their claims across the line from conceivable to plausible.'" *Robbins*, 519 F. 3d at 1247 (quoting *Twombly*, 550 U.S. at 570); *see Iqbal*, 129 S. Ct. at 1952. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## Plaintiff's Complaint[2]

Plaintiff is a resident of Lawton, Oklahoma, who owned and was present at Gert's Pub and Grub ("Gert's") in Lawton on April 5, 2009, when Officer Hollebeke entered the establishment to investigate possible alcohol consumption after hours. Officer Hollebeke decided to issue a citation to the manager of Gert's. While he was writing the citation, Plaintiff (who was not the manager on duty at the time) began helping to clean tables and move chairs into place. Another police officer instructed Plaintiff to come to the area where Officer Hollebeke was writing the citation, and be seated. According to the Complaint, Plaintiff complied, but as he reached the table to sit down in a chair, Officer Hollebeke attacked him from behind, slammed him down onto the table, and handcuffed him. The attack allegedly was unprovoked and made without advising Plaintiff that he was being arrested or had committed any crime. Officer Hollebeke first stated that Plaintiff was under arrest for resisting arrest, but later changed the charge to resisting an officer. Plaintiff was transported to the city jail, and during booking, Officer Hollebeke learned Plaintiff was the owner of Gert's. Officer Hollebeke then added another charge of allowing consumption of alcohol after closing hours. Plaintiff alleges that Officer Hollebeke lacked probable cause for either of the charges he filed against Plaintiff.

Plaintiff was released on bond after spending several hours in jail. When he obtained a copy of the police report, Plaintiff allegedly determined that Officer Hollebeke had fabricated a story to cover up his assault and false arrest of Plaintiff. According to the report, Officer Hollebeke had directed Plaintiff to sit down but Plaintiff had refused, and when Officer Hollebeke approached Plaintiff, Plaintiff had attempted to step around him. Plaintiff allegedly provided the City with a

---

[2] Pursuant to the standard of decision, the factual allegations of the complaint are accepted as true and stated in the light most favorable to Plaintiff.

copy of video and audio recordings that refuted Officer Hollebeke's account and established his report was untrue. However, the City refused to dismiss the charges against Plaintiff and, instead, forced him to defend the charges in municipal court. The prosecution was unsuccessful.

Based on these factual allegations, Plaintiff brings § 1983 claims against Officer Hollebeke and the City for alleged violations of his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments. Specifically, Plaintiff claims he was subjected to the use of excessive force, unlawful arrest, unlawful search and seizure, and malicious prosecution and, as a result, that he incurred unnecessary legal expenses and suffered emotional distress. He also alleges Officer Hollebeke acted in a willful, wanton, and malicious manner, thus warranting punitive damages. As to the City, Plaintiff alleges that the City failed to properly train and supervise Officer Hollebeke, that the City failed to take corrective action or stop the prosecution of Plaintiff despite being informed of Officer Hollebeke's improper actions, and that the City "has established policies and procedures that allow[ed] such conduct by Defendant Hollebeke and/or allow[ed] such patterns of practice by their police officers . . . ." *See* Compl. [Doc. 1], ¶ 39. In addition to § 1983 claims, Plaintiff asserts state law tort claims against the City based on Officer Hollebeke's alleged misconduct, including claims of false arrest or imprisonment, and battery.[3] Plaintiff alleges that he gave the City timely notice of his tort claims, as required by GTCA, and has satisfied its procedural requirements.

## Discussion

**A.      Municipal Liability Under Section 1983**

The City contends the Complaint fails to state a § 1983 claim against the City because it contains only conclusory allegations that the City failed to train and supervise Officer Hollebeke,

---

[3] As previously stated, the Complaint also asserts tort claims of malicious prosecution and intentional infliction of emotional distress against the City that Plaintiff agrees should be dismissed.

4

had deficient policies and procedures, and made a decision not to dismiss the charges against Plaintiff. The City points out that the Complaint does not identify any particular deficiency in the City's police training, any particular policy that caused the alleged constitutional violations to occur, or any municipal official to whom the audio and video recordings were submitted. Based on these omissions, the City argues that the Complaint does not adequately identify the factual basis of a § 1983 claim against it. According to the City, the Complaint lacks necessary facts to show the City's actions "were in any way the 'moving force' behind plaintiff's alleged unlawful arrest and imprisonment or the alleged malicious prosecution." *See* Motion [Doc. 13] at 8.

Plaintiff contends the Complaint contains sufficient facts to satisfy Rule 12(b)(6). He argues that a factual basis for municipal liability appears in paragraphs of the Complaint that detail Officer Hollebeke's unlawful conduct as a police officer and that allegedly establish the City "failed to take any corrective action against Defendant Hollebeke or to stop the prosecution of the unlawful charges" after the City "was made fully aware of Defendant Hollebeke's conduct." *See* Pl.'s Resp. Br. [Doc. 16] at 4. To support his argument that the City was aware of Officer Hollebeke's conduct, Plaintiff relies on allegations of the Complaint that he provided the City with the video and audio recordings and that he served the City with a notice of his tort claims pursuant to GTCA. Plaintiff argues in his brief that the notice detailed Officer Hollebeke's conduct and disclosed that the city prosecutor had been provided with the recordings. He also argues that the tort claim notice was served "prior to the continued unlawful prosecution" of Plaintiff. *See id*. These latter arguments are not supported by any reference to or citation of the Complaint.

The City's legal argument regarding the factual sufficiency of the Complaint is based on a general discussion of the plausibility standard in *Hall v. Witteman*, 584 F.3d 859 (10th Cir. 2009), and *Ashcroft v. Iqbal*, 129 S. Ct. 1949 (2009). However, neither of these cases involved the issue

of municipal liability under § 1983. "[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context: Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal quotation omitted); *see also Iqbal*, 129 S. Ct. at 1950 ("whether a complaint states a plausible claim for relief will . . . be a context-specific task"). The court of appeals addressed the sufficiency of a complaint to state a § 1983 claim of municipal liability arising from unlawful conduct by officers in *Moss v. Kopp*, 559 F.3d 1155 (10th Cir. 2009). There, the complaint was determined to be insufficient because it did not allege that a final policymaker took any unconstitutional action, that a policymaker approved the underlying search that formed the basis of the plaintiffs' claim, or that the single incident of unlawful conduct occurred pursuant to a decision made by a policymaker. *See id*. at 1169.

Similarly here, Plaintiff does not allege any facts to show that an unconstitutional action by a final policymaker for the City, or a decision of a policymaker, caused Officer Hollebeke's conduct to occur. Further, contrary to arguments in Plaintiff's brief, the Complaint contains no factual allegations to show that any policymaker for the City ratified Officer Hollebeke's conduct or failed to act to prevent wrongful conduct. Plaintiff apparently relies on the alleged fact that he provided a copy of a video recording showing misconduct but nothing was done to rectify or prevent a wrong. However, his pleading does not say the recording was provided to a policymaker for the City. Also, to the extent Plaintiff relies on his tort-claim notice to advise policymakers of an alleged wrong, the Complaint contains no factual allegations to support Plaintiff's argument that the notice was provided in a timely manner so that policymakers could have acted to prevent Plaintiff's harm. In short, the Court finds that the Complaint contains insufficient factual allegations to state a § 1983 claim against the City.

**B.     Tort Claims**

The City contends that Plaintiff cannot bring suit under GTCA on his claims of false arrest and battery because he alleges that Officer Hollebeke acted illegally, willfully, and maliciously. A political subdivision can be held liable only for acts of employees acting within the scope of their employment. *See* Okla. Stat. tit. 51, § 153(A). As defined by GTCA,"'[s]cope of employment' means performance by an employee acting *in good faith* within the duties of the employee's office or employment . . . ." *Id.* § 152(12) (emphasis added). By definition, the City argues, Officer Hollebeke could not have been acting within the scope of his employment if he engaged in the conduct alleged by Plaintiff.

The Court is not persuaded by these arguments. Unlike torts such as malicious prosecution, which require proof of conduct inconsistent with good faith performance of an employee's job duties, a municipality may be held liable for a false arrest or battery committed by a police officer, regardless of the officer's subjective intent. *See Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dep't*, No. 105552, 2010 WL 450900, *7 (Okla. Feb. 9, 2010) (to be published) (objective standard governs a police officer's use of force); *Overall v. State ex rel. Dep't of Public Safety*, 910 P.2d 1087, 1093 (Okla. Civ. App. 1995) (same as to false arrest). Further, "a finding that an officer 'at some time during the episode . . . went beyond the bounds of good faith . . . is not necessarily inconsistent with' a finding that the officer acted within the scope of his employment." *Lampkin v. Little*, 286 F.3d 1206, 1213 (10th Cir. 2002) (quoting *DeCorte v. Robinson*, 969 P.2d 358, 362 (Okla. 1998). Similarly here, Officer Hollebeke could be found to have been acting within the scope of his employment in arresting Plaintiff and taking him into custody, but to have also exceeded the scope of his duties and acted in bad faith, as alleged in the Complaint. Therefore, the City is not entitled to dismissal of the tort claims of false arrest or imprisonment and battery.

**Conclusion**

For these reasons, the Court finds that the Complaint fails to state a § 1983 claim against the City, that a § 1983 claim is asserted against Officer Hollebeke in his individual capacity only, and thus, the Second Cause of Action should be dismissed. Further, the Complaint fails to state a claim against the City of malicious prosecution or intentional infliction of emotional distress, and thus, the Fifth and Sixth Causes of Action should be dismissed. The Complaint adequately states tort claims against the City of false arrest or imprisonment and battery.

IT IS THEREFORE ORDERED that Defendant City of Lawton's Motion to Dismiss [Doc. No. 13] is GRANTED in part and DENIED in part. The Second, Fifth and Sixth Causes of Action of the Complaint are dismissed. This dismissal is without prejudice to the filing of an amended pleading within ten (10) days from the date of this Order.

IT SO ORDERED this 24th day of June, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE