IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON W. WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-09-1354-D |
| | ) |
| CITY OF LAWTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Renewed Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 13], filed by Defendant City of Lawton pursuant to Fed. R. Civ. P. 12(b)(6). The City moves to dismiss Plaintiff's 42 U.S.C. § 1983 claim for failure to allege sufficient facts to establish municipal liability for conduct of its police officer, Defendant Richard Hollebeke, in allegedly arresting Plaintiff without probable cause, using excessive force, and causing a malicious prosecution to occur. The City also moves to dismiss pendent state law claims brought under Oklahoma's Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 151-172. Plaintiff has responded in opposition to the Motion, and the City has replied. The Motion is thus at issue.

As indicated by the caption of the Motion, the City has previously moved for dismissal under Rule 12(b)(6). The prior motion was granted as to Plaintiff's § 1983 claim against the City, with leave to amend. *See* Order 6/24/20 [Doc. No. 21]. This Motion challenges the sufficiency of the amendment. The parties' familiarity with the prior Order is assumed. In short, the Court found that the Complaint lacked any factual allegations "to show that an unconstitutional action by a final policymaker for the City, or a decision of a policymaker, caused Officer Hollebeke's conduct to occur" or "that any policymaker for the City ratified Officer Hollebeke's conduct or failed to act to prevent wrongful conduct." *See id*. at 6. The First Amended Complaint contains additional factual

allegations intended to establish the City's liability for the alleged constitutional violations committed by Officer Hollebeke. Specifically, Plaintiff contends that the facts alleged in paragraphs 24-31, if accepted as true, may establish "that Defendant City was made fully aware of Defendant Hollebeke's conduct, but failed to take any corrective action against Defendant Hollebeke or to stop the prosecution of the unlawful charges against [Plaintiff]," thus warranting the imposition of § 1983 liability on the City. *See* Pl.'s Resp. Br. [Doc. No. 25] at 4.

As to Plaintiff's state-law tort claims of false arrest or imprisonment and battery, the Court previously found that these claims should not be dismissed because they do not necessarily require proof of conduct inconsistent with the good faith performance of a police officer's duties and, thus, might support liability under the GTCA. *See* Order 6/24/10 [Doc. No. 21] at 7. By the instant Motion, the City essentially asks the Court to reconsider its ruling. The City argues, based on the factual allegations of Plaintiff's pleading, that Officer Hollebeke's actions "were unquestionably and at all times beyond the bounds of good faith" and so could not have been within the scope of his employment. *See* Motion [Doc. 24] at 11. The Court remains unpersuaded by the City's arguments and finds no proper basis for reconsideration. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing"). Therefore, this aspect of the Motion will be denied without further discussion.

**Factual Background**

Briefly stated, Plaintiff claims he was physically attacked by Officer Hollebeke during an encounter inside a Lawton establishment while police officers were issuing a citation for permitting alcohol consumption after business hours. The attack allegedly was unprovoked and made without advising Plaintiff that he was under arrest. According to Plaintiff, Officer Hollebeke initially

2

charged him with resisting arrest but later changed the charge to resisting an officer and, after learning that Plaintiff owned the establishment, added a charge of allowing after-hours consumption of alcohol. Plaintiff alleges that Officer Hollebeke lacked probable cause for any charge. Plaintiff further alleges that Officer Hollebek filed a false police report containing a fabricated account of the incident, that there existed video and audio recordings of the incident refuting Officer Hollebeke's account and showing the falsity of the report, but that the City refused to dismiss the false charges and unsuccessfully prosecuted Plaintiff in municipal court.

Paragraphs 24-31 of the First Amended Complaint provide new factual allegations on which Plaintiff relies to establish municipal liability under § 1983. These allegations are accepted as true for purpose of this Order. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (" a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). These paragraphs allege as follows: Plaintiff's attorney hand-delivered copies of the video and audio recordings to the city prosecutor and personally advised the city's tort-claim investigator about the recordings. The investigator declined an offer to provide additional copies of the recordings and stated she would get them from the prosecutor. The city clerk received written notice of Plaintiff's tort claims. Plaintiff subsequently provided the prosecutor with another video recording that had been synchronized with the audio recording. The city council conducted four regular meetings, attended by the city clerk, between the time that the city prosecutor received these recordings and the municipal court conducted a trial of Plaintiff's charges.

These factual allegations are further supplemented by paragraphs 42-47 of the First Amended Complaint. There Plaintiff alleges that his tort-claim notice specifically identified the recordings as proof of Officer Hollebeke's unlawful conduct, that the City was in possession of the recordings for six weeks before Plaintiff's municipal trial occurred, but that the City nevertheless allowed the

3

malicious prosecution of Plaintiff to continue and allowed Officer Hollebeke to be involved in the prosecution with knowledge of his misconduct. In essence, Plaintiff accuses the City of requiring him to defend unfounded charges that the City knew to be false.

## Discussion

To establish municipal liability under § 1983, a plaintiff must allege facts demonstrating that he suffered a constitutional deprivation resulting from an established policy, a longstanding practice or custom, or the conduct or decision of a final policymaker for the municipality. *See*, *e.g.*, *Moss v. Kopp*, 559 F.3d 1155, 1168-69 (10th Cir. 2009). In *Moss*, the court of appeals addressed the sufficiency of a complaint to state a § 1983 claim against a county based on conduct by law enforcement officers. The court determined the complaint to be insufficient because it did not allege that a final policymaker took any unconstitutional action or approved the allegedly unconstitutional conduct at issue, or that the conduct occurred pursuant to a decision made by a policymaker. *See id*. at 1169.

Here, however, the Court finds minimally sufficient facts that, if taken as true and viewed in the light most favorable to Plaintiff, could support a finding that a policymaker for the City approved Officer Hollebeke's conduct and caused Plaintiff to be prosecuted on false charges. *See Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In so finding, the Court assumes without deciding that a city attorney or a city council may have final policymaking authority with regard to municipal prosecutions and police department procedures. *See Randle v. City of Aurora*, 69 F.3d 441, 447-48 (10th Cir. 1995) (determination of final policymaking authority requires examination of the chain of legal authority; it is a legal issue to be determined based on state and local law); *see also Pembaur v. City of Cincinnati*, 475 U.S.

469, 484-85 (1986) (prosecutor acted as final decision maker in ordering illegal search). Neither party addresses the issue of legal authority. If Plaintiff's factual allegations are accepted, however, a reasonable inference may be drawn that a final policymaker for the City was informed that Officer Hollebeke had falsely arrested and charged Plaintiff but condoned his conduct and the prosecution.[1] Therefore, the Court finds that the First Amended Complaint sufficiently states a § 1983 claim against the City with regard to Plaintiff's constitutional claims of false arrest, excessive force, and malicious prosecution.

## Conclusion

The Court finds that the First Amended Complaint adequately states a § 1983 claim against the City, and thus, the Second Cause of Action should not be dismissed. Further, the First Amended Complaint adequately states tort claims against the City of false arrest or imprisonment and battery, and thus, the Third and Fourth Causes of Action also should not be dismissed.

IT IS THEREFORE ORDERED that Defendant City of Lawton's Renewed Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 24] is DENIED.

IT SO ORDERED this 6th day of October, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The First Amended Complaint also contains conclusory allegations that the City had established policies, procedures, or patterns of practice that allowed the unlawful conduct to occur. Such allegations are not entitled to an assumption of truth and, standing alone, are insufficient. *See Iqbal*, 129 S. Ct. at 1951.

5